IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARLISLE MEDICAL GROUP, LLC,** : | | |
|     Plaintiff | : | No. 1:15-cv-2367 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **SALAH ELDOHIRI, M.D.,** | : | |
|     Defendant | : | |

**MEMORANDUM**

Before the Court is a motion to dismiss filed by Defendant Dr. Salah Eldohiri pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). (Doc. No. 5.) The motion has been fully briefed and is ripe for disposition. For the following reasons, the Court will grant the motion in part and dismiss Plaintiff's complaint in part without prejudice.

**I.   BACKGROUND**[1]

This action arises from allegations of accidental overpayments to Defendant Dr. Salah Eldohiri by Plaintiff Carlisle Medical Group and Defendant's subsequent failure to repay the excess amount. (Doc. No. 1 at 6-9.) On July 20, 2011, Plaintiff and Defendant entered into a Physician Employment Agreement "Agreement," in which the parties agreed that Defendant would provide medical services at Plaintiff's facility in return for an agreed upon salary and compensation. (Id. at 7 ¶¶ 5, 7-8.) A clerical mistake resulted in Defendant being paid both production pay and a yearly salary from April 1, 2013 to March 1, 2014. (Id. ¶ 9.) The duplicative payment methods resulted in an overpayment of $350,769.69. (Id. ¶ 12.)

At an unknown time, Defendant became aware that he was being overpaid, and he later resigned from Defendant's employ. (Id. ¶¶ 10-11.) On August 8, 2014, Defendant proposed to

---

[1] All background facts are alleged by the Plaintiff in its complaint and are only accepted as true for the purpose of the instant motion to dismiss.

repay the majority of the overpayment from 2013-2014 upon receipt of a written repayment plan, which was to include provisions for payment of Defendant's expenses incurred as a result of the overpayment, and to repay the remainder once Defendant received his federal income tax return. (Id. at 8 ¶¶ 14, 37.)  Plaintiff sent multiple emails between August 8, 2014 and September 30, 2014 requesting immediate repayment, the last of which required repayment within ten days. (Id. at 8 ¶¶ 12-13, 33-35.)  To date, no repayment has taken place because the parties have not agreed on a payment plan.  (Id. at 8 ¶¶ 15-16.)

Plaintiff commenced the present action by filing a complaint on October 14, 2015, in the Court of Common Pleas of Cumberland County, Pennsylvania (id. at 6-9), and on December 9, 2015, Defendant timely removed it to federal court pursuant to 28 U.S.C. 1441, 1446, and 1332 (id. at 1-3).  Plaintiff alleges both breach of contract and unjust enrichment.  (Id. at 6-9.) Defendant filed the instant motion to dismiss on December 15, 2015 pursuant to 12(b)(6).  (Doc. No. 5.)  The motion has been fully briefed.  (Doc. Nos. 6-8.)

## II.    LEGAL STANDARD

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff.  See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  Federal Rule of Civil Procedure 8(a)(2) requires a pleading that states a claim for relief to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  However, in order "to survive a 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "But where the well-pleaded

2

facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  The United States Court of Appeals for the Third Circuit has established the following three step process for determining the sufficiency of a complaint: (1) lay out what elements must be plead by the plaintiff to state a claim; (2) identify and refrain from assuming the truth of mere conclusions; and (3) assume the truth of well-pleaded factual allegations and conclude whether those facts give rise to an entitlement for relief.  Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).   When determining the sufficiency of a pleading, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."  Pension Benefit. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

### III.   DISCUSSION

Defendant argues that Plaintiff failed to allege the breach of a duty imposed by the contract, and therefore, the breach of contract claim should be dismissed.  Additionally, Defendant argues that unjust enrichment claims are barred where a contract governs the relationship between the parties.  The Court addresses each in turn.

#### A.   Breach of Contract

First, Defendant urges the Court to dismiss the breach of contract claim because Plaintiff failed to allege facts showing Defendant breached a duty imposed by the contract.  In order for Plaintiff's breach of contract claim to survive a motion to dismiss pursuant to 12(b)(6), Plaintiff must plead facts sufficient to permit the plausible inference of "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant

damages."[2] CoreStates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999).  Here, Plaintiff attached a copy of the parties' contract to its complaint, and neither party disputes the attachment's authenticity.  Therefore, the first element –the existence of a contract— is  met.  (Doc. No. 1 at 14.)

However, as to the second element, Plaintiff has failed to allege facts from which the Court could plausibly infer that Defendant breached either express terms of or implied duties from that contract.  In the complaint, Plaintiff alleged that Defendant's "failure to timely and equitably repay the total amount outstanding under the Agreement is a breach of the terms and conditions of the Agreement."  (Doc. No. 1 at 8 ¶ 18.)  Furthermore, in the brief in opposition to the motion, Plaintiff opposes the motion to dismiss by citing that Defendant breached the express terms for compensation found in the agreement, (Doc. No. 7 at 9), that Defendant's dishonesty violated the Plaintiff's Employee Handbook and breached the Agreement, (id. at 8-9), and that Defendant violated the implied duty of good faith and fair dealing (id. 7 at 9).  For the following reasons the Court is persuaded that Plaintiff has failed to adequately allege a breach of the Agreement.

 First, the complaint and attached Agreement do not adequately allege that the Agreement imposes obligations on Defendant in the event of an overpayment.  No facts in the complaint point to the existence of such a term.

Second, Plaintiff has failed to adequately allege, in either the Complaint itself or in the attached Agreement, any facts that could plausibly place a contractual duty on Defendant regarding the amount, manner, or means of compensation.  All obligations regarding

---

[2] Because the federal court has jurisdiction based on diversity, because the Agreement specifies Pennsylvania law, and because neither party has argued to the contrary, the Court applies substantive Pennsylvania contract law.

compensation are assigned to Plaintiff.   The section regarding compensation states that "we will pay you the amount and in the manner described in Schedule 4.1." (Doc. No. 1 at 16.)  "We" is defined as meaning Carlisle Medical Group, LLC, "you" is defined as meaning Salah Eldin E. Eldohiri, M.D.,  (id. at 14), and Section 4.1 describes "the amount of compensation and the method by which it will be calculated and…the period of time to which it applies"  (id. at 16).  The base salary section of Section 4.1 includes the language, "we will pay you bi-weekly…in line with our normal payroll practices," (id. at 29), and the production section includes the language, "we will pay you Compensation in accordance with our normal payroll practices" (id. at 31).

      Third, there are insufficient facts alleged in the complaint for the Court to determine whether Defendant's dishonesty violated the Plaintiff's Employee Handbook and breached the Agreement.  In determining the sufficiency of a complaint, the Court may look to the contents of the complaint, any attachments to the complaint, such as the contract itself, and matters of public record.  Pension Benefit Guar. Corp., 998 F.2d at 1196.  The Employee Handbook was never attached to or referenced in the complaint.  Therefore, under Pension Benefit Guaranty Corporation, any provisions found within the Employee Handbook are outside the scope of the Court's review for the purposes of the instant motion.  Id.

      Fourth, Plaintiff has failed to adequately allege adequate facts in the complaint or in the attached exhibits that would indicate that Defendant violated the implied duty of good faith and fair dealing.  The implied duty of good faith and fair dealing has been found to apply to employment contracts in Pennsylvania.  See Somers v. Somers, 613 A.2d 1211, 1213 (Pa. Super. Ct. 1992).  Good faith generally refers to honesty in fact, while examples of bad faith include: "evasion of the spirit of the bargain, lack of diligence and slacking off, willful rendering of

imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance." Id. (quoting Restatement (Second) of Contracts § 205 (d)).  There are no facts alleged that would indicate that Defendant was at any point dishonest, which would have violated the requirement of honesty in fact, or that Defendant acted in bad faith.  The facts in the complaint allege that, upon being put on notice of the overpayment, Defendant made an offer of repayment which appears to have been ignored as evidenced by both the complaint and the emails attached to the complaint.  (Doc. No. 1 at 3 ¶ 14-16; 33-37.)

Thus, Plaintiff has failed to allege sufficient facts to plausibly show any breach by Defendant of an express or implied duty from the Agreement, and therefore the Court will grant Defendant's motion dismiss the breach of contract claim.  Accordingly, the claim for breach of contract will be dismissed without prejudice.

### B.  Unjust Enrichment

Defendant also argues that the claim for unjust enrichment should be barred because of the Agreement between the parties.  The elements of unjust enrichment under Pennsylvania law are "benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." AmeriPro Search, Inc. v. Fleming Steel Co., 787 A.2d 988, 991 (Pa. Super. Ct. 2001) (quoting Styer v. Hugo, 619 A.2d 347, 350 (Pa. Super. Ct. 1993)).  In general, "[t]he quasi-contractual doctrine of unjust enrichment [is] inapplicable when the relationship between the parties is founded on a written agreement or express contract." Hershey Foods Corp. v. Ralph Chapek, Inc., 828 F.2d 989, 999 (3d Cir. 1987) (quoting Benefit Trust Life Ins. Co. v. Union Nat. Bank, 776 F.2d 1174 (3d Cir. 1985)). However, the existence of a contract does not bar the application of restitution-based recovery

theories as to disputes beyond the subject matter of the parties' contract.  See id. at 999 ("Our review of the record discloses that . . . none of [Plaintiff]'s quantum meruit allegations relates to services that are not included within the scope of the separate agreements entered into by [Plaintiff] and [Defendant].").  Each unique factual situation must be examined to determine whether the doctrine of unjust enrichment applies.  Styer, 619 A.2d at 350.

Here, Plaintiff alleges that it overpaid Defendant $350,769.69, (Doc. No. 1 at 2 ¶¶ 9, 12), that Defendant continues to possess and benefit from that money, (id. at 2 ¶ 9, 12; 3 ¶¶ 14, 16; 4 ¶¶ 21-22), and that the transfer of this money to Defendant Eldohiri was not supported by independent consideration (id. at 3 ¶ 14; 4 ¶ 22).  Defendant relies on Hershey Foods to argue that the claim for unjust enrichment is barred because, under Pennsylvania law, unjust enrichment and other quasi-contractual theories of recovery are typically unavailable in cases where a contract governs the relationship between the parties.  (Id.)

In Hershey Foods, the plaintiff asserted that his performance under the contract – the preparation of research reports in anticipation of Hershey's entrance into the chocolate milk market – was worth substantially more than the contract price.  Id.  Because of this alleged disparity, the Hershey Foods plaintiff sought additional compensation through the theory of unjust enrichment.  Id.  The court held that because the Hershey Foods defendant paid the plaintiff for his services in accordance with their contract, there could not be a claim for unjust enrichment just because the plaintiff failed to "get a good deal."  Id. at 1000.

To begin, the parties here agree that Defendant was remunerated in excess of the contract, not in accordance with it.  (See Doc. No. 1 at 36-37.)  In addition, this case differs from Hershey Foods and other cases Defendant cites in support of his motion because this case does not concern a disagreement between the contracting parties about the value of goods delivered or

services rendered. Rather, it appears based on the record and arguments presently before the Court that the complaint alleges that a clerical error resulted in overpayment. (See Doc. No. 1 at 7 ¶ 9.) The parties may dispute Plaintiff's entitlement to repayment and the means and exact amount of repayment. But based on attachments to the complaint, it appears that the parties agree that an overpayment outside of the amount agreed upon in the contract occurred. (See e.g., Doc. No. 1 at 34-37.) Consequently, Defendant has not persuaded the Court that the parties' dispute is within the scope of their written agreement, and the Court will deny Defendant's motion to dismiss as to the unjust enrichment claim.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Defendant's motions in part and will dismiss Plaintiff's breach of contract claim without prejudice. Plaintiff will be afforded the opportunity to file an amended complaint to correct the insufficiencies identified above. An order consistent with this memorandum follows.