# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLISLE MEDICAL GROUP, LLC, | : | |
|     Plaintiff | : | No. 1:15-cv-2367 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| SALAH ELDOHIRI, M.D., | : | |
|     Defendant | : | |

## MEMORANDUM

Before the Court is Defendant's motion to dismiss Plaintiff's breach of contract claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 17.) The motion has been fully briefed and is ripe for disposition. For the following reasons, the Court will grant Defendant's motion to dismiss Plaintiff's breach of contract claims with prejudice.

**I.    BACKGROUND** [1]

Plaintiff Carlisle Medical Group is a health care service provider with its principal place of business in Mechanicsburg, Pennsylvania. (Doc. No. 15 ¶¶ 1-2.) On July 20, 2011, Plaintiff entered into a Physician Employment Agreement ("Agreement") with Defendant Dr. Salah E. Eldohiri. (Doc. No. 15-2.) According to the Agreement, Plaintiff was to employ Defendant for thirty-six months and was to pay Defendant pursuant to the Agreement's compensation schedule. (Id. at 2, 4, 7-9, 13-15.) Due to a clerical error, Defendant received both production pay and his salary from April 1, 2013 to March 1, 2014, which resulted in the overpayment of $350,769.69 to Defendant. (Doc. No. 15 ¶¶ 10, 18.)

---

[1] The following background is taken from Plaintiff's amended complaint. (Doc. No. 15.) Plaintiff's allegations are accepted as true for the purpose of the instant motion to dismiss. See Schuylkill Energy Res., Inc. v. Pa. Power & Light Co., 113 F.3d 405, 417 (3d Cir. 1997) (explaining that "[w]hen reviewing a Rule 12(b)(6) dismissal, [the court] must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them").

1

At an unknown time, Defendant was placed on notice of the overpayment. (Id. ¶ 11). Plaintiff and Defendant attempted to resolve the overpayment issue, and Defendant proposed that he repay the net income portion of the overpayment for the eleven-month period. (Id. ¶¶ 12-16.) In addition, Defendant proposed that he repay Plaintiff for the difference between the overpaid net and gross income for 2013-2014 after he received his federal income tax return. (Id. ¶ 16.) However, in an August 8, 2014 email, Defendant requested that Plaintiff first draft a repayment proposal which was to include a provision specifying that Plaintiff would pay the expenses Defendant incurred as a result of the overpayment. (Doc. No. 15-2 at 28, 38.) Since August 8, 2014, there have been no productive negotiations between the parties, and Defendant has not repaid any of the overpayment. (Doc. No. 15 ¶¶ 17-18.)

Plaintiff commenced this action by filing a complaint on October 14, 2015, in the Court of Common Pleas of Cumberland County, Pennsylvania. (Doc. No. 1 at 6.) Plaintiff alleged breach of contract and unjust enrichment due to Defendant's failure to reimburse Plaintiff for the overpayment. (Id. at 8-9.) On December 9, 2015, Defendant removed the action to federal court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332. (Id. at 1-3.) Shortly thereafter, Defendant filed a motion to dismiss on December 15, 2015 pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 5.) On May 11, 2016, the Court granted Defendant's motion to dismiss with respect to Plaintiff's breach of contract claim, but denied the motion to dismiss with respect to Plaintiff's unjust enrichment claim. (Doc. Nos. 13, 14.) The Court dismissed Plaintiff's breach of contract claim without prejudice, and granted Plaintiff the opportunity to file an amended complaint to address the deficiencies identified in its breach of contract claim. (Doc. No. 14.)

Accordingly, on May 27, 2016, Plaintiff filed an amended complaint against Defendant alleging (1) breach of express contract, (2) breach of implied contract, and (3) unjust enrichment.

(Doc. No. 15 ¶¶ 10-11, 17-18.)  On June 6, 2016, Defendant again filed a motion to dismiss the breach of contract claims asserted by Plaintiff.  (Doc. Nos. 17, 19.)  The motion has been fully briefed and is now ripe for disposition.  (Doc. Nos. 19, 23-24.)

## II.     LEGAL STANDARD

A motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint's factual allegations.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted) (interpreting Fed. R. Civ. P. 8(a)).  Generally, a court considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) must determine whether the complaint contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Iqbal, 556 U.S. at 678.

Consistent with the Supreme Court's rulings in Twombly and Iqbal, the Third Circuit requires district courts to engage in a two-part analysis when reviewing a Rule 12(b)(6) motion: (1)  first, a court should separate the factual and legal elements of a claim, accepted well-pleaded factual matter and disregarding legal conclusions; (2) second, a court should determine whether the remaining well-pled facts sufficiently demonstrate that a plaintiff has a "plausible claim for relief."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (quoting Iqbal, 556 U.S. at 679).  Facial plausibility exists when the plaintiff pleads factual content "that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (internal citations omitted).

In conducting its analysis, a court must accept all well-pleaded factual allegations in the complaint as true for purposes of determining whether the complaint states a plausible claim for relief, and must view the factual allegations in the light most favorable to the plaintiff. Phillips v. Cnty of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). The court's determination on a Rule 12(b)(6) review is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." United States ex rel. Wilkins v. United Health Grp., Inc., 659 F.3d 259, 302 (3d Cir. 2011) (internal citations omitted). The court's analysis is a context-specific task requiring the court "to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 663-64.

In ruling on a 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure s. 1357 (3d ed. 2004)).

### III. DISCUSSION

Defendant contends that Plaintiff's breach of express contract claim should be dismissed because Plaintiff fails to sufficiently allege the existence of a contract incorporating the provisions of Plaintiff's Employee Handbook. (Doc. No. 19 at 11.) Defendant also asserts that Plaintiff fails to allege sufficient facts to establish breach of express contract. (Id. at 12-14.)

With regard to Plaintiff's breach of implied contract claim, Defendant argues that Plaintiff fails to sufficiently allege the existence of an implied contract between Plaintiff and Defendant. (Id. at 15-16.)

### A. Breach of Express Contract

In order for Plaintiff's breach of express contract claim to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Plaintiff must allege sufficient facts to plausibly establish the following elements: "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages." Ware v. Rodale Press, Inc., 322 F.3d 218, 225 (3d Cir. 2003) (quoting CoreStates Bank v. Cutillo, 723 A.2d 1053 (Pa. Super. Ct. 1999)).

Plaintiff alleges the existence of an express contract of the Agreement, which incorporates provisions of Plaintiff's Employee Handbook ("Handbook"). (Doc. No. 15 ¶ 21.) Specifically, in Section 3.9 of the Agreement, Defendant agreed to "observe and comply with [Plaintiff's] policies and procedures, including those in [Plaintiff's] Employee Handbook." (Doc. 15-2 at 3.) The Handbook, which is attached as Exhibit F to Plaintiff's amended complaint, states that "[t]heft or any form of dishonesty" violates Plaintiff's policies and procedures. (Id. at 45.) Plaintiff claims that Defendant breached the "dishonesty" provision of the Handbook, and thus, the Agreement, by accepting and failing to notify Plaintiff of the overpayment. (Doc. No. 15 ¶¶ 22-24.) In addition, Plaintiff alleges that Defendant breached his duty of good faith and fair dealing implicit in the Agreement. (Id. ¶¶ 25-28.) Plaintiff claims that the breach resulted in damages to Plaintiff of $350,769.69, plus attorneys' fees and costs. (Id. ¶ 29.)

In his motion to dismiss, Defendant contends that Plaintiff fails to sufficiently allege the existence of a contract provision incorporating the Handbook, as Plaintiff never alleges that Defendant received the Handbook. (Doc. 19 at 11.) In addition, Defendant argues that Plaintiff did not allege dishonest conduct sufficient to allege a breach of the Handbook or of the implied duty of good faith and fair dealing. (Id. at 12.)

As to the first element of the breach of express contract claim, the Court agrees with Defendant that Plaintiff has failed to plausibly allege the existence of a contract that included the "dishonesty" provision of the Handbook, as Plaintiff's amended complaint fails to allege that it provided Defendant with a copy of the Handbook. (Doc. Nos. 15 ¶¶ 22-24, 19 at 11.) In Pennsylvania, a provision in an employee handbook cannot be binding on employees "if that policy is never actually communicated . . . by ensuring that the handbooks are distributed to [the] employees." Quiles v. Fin. Exch. Co., 879 A.2d 281, 286 (Pa. Super. Ct. 2005); see also Morosetti v. La. Land & Exploration Co., 564 A.2d 151, 152-53 (Pa. 1989) (holding that employees could not enforce a severance policy contained in their company's handbook because the company "never made known to their employees the policy for severance pay," so there was no offer for employees to accept). Without this communication, the employee cannot accept the terms of the handbook and, therefore, no contract can be formed. See Quiles, 879 A.2d at 288. Consequently, in order to plausibly allege the existence of a contract binding Defendant to the provisions of the Handbook, Plaintiff has to allege that it gave Defendant the Handbook. Because Plaintiff's amended complaint fails to do so, Plaintiff has not sufficiently alleged the existence of a contract.

However, even assuming the existence of a contract binding Defendant to the provisions of the Handbook, Plaintiff's amended complaint fails to allege facts from which the Court could

6

plausibly infer that Defendant breached either the express terms or the implied duties of the contract.  With regard to the alleged breach of the express terms of the contract, namely, the Handbook's prohibition on "dishonesty," the amended complaint simply alleges that Defendant was dishonest because he accepted and retained double his salary for eleven months without notifying Plaintiff.  (Doc. No. 15 ¶ 24.)  Plaintiff does not allege when or how Defendant learned of the overpayment, which is necessary to plausibly allege dishonesty.  (Id.)  In addition, the exhibits attached to Plaintiff's amended complaint indicate that Defendant made a repayment offer that Plaintiff ignored.  (Doc. No. 15-2 at 34, 38.)  Therefore, Plaintiff's amended complaint simply fails to allege sufficient facts to nudge Plaintiff's claim of dishonesty from conceivable to plausible, and Plaintiff thus fails to allege that a breach of the Handbook's provisions occurred.  See Twombly, 550 U.S. at 547.

Similarly, Plaintiff fails to sufficiently allege that Defendant breached the implied duty of good faith and fair dealing.  The implied duty of good faith and fair dealing has been found to apply to employment contracts in Pennsylvania.  See Somers v. Somers, 613 A.2d 1211, 1213 (Pa. Super. Ct. 1992).  Good faith generally refers to honesty in fact, while examples of bad faith include: "evasion of the spirit of the bargain, lack of diligence and slacking off, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance."  Id. (quoting Restatement (Second) of Contracts § 205(d) (1981) (updated in Oct. 2016)).  Plaintiff alleges that "inappropriate conversations" took place between Defendant and his patients, during which Defendant told his patients that they were being overcharged and that "the overpayment of his salary was affecting him negatively." (Doc. No. 15 ¶ 27.)  However, the exhibits attached to the amended complaint also indicate that the reasons for Defendant's conversations with his patients were "all very innocent."  (Doc. No.

15-2 at 49.) Therefore, considering Plaintiff's pleadings as a whole, Plaintiff fails to allege sufficient facts plausibly establishing that Defendant acted in bad faith while carrying out the Agreement. In addition, even if Defendant's behavior could plausibly constitute an "evasion of the spirit" of the Agreement, Plaintiff fails to allege how this behavior resulted in damages to Plaintiff. Therefore, Plaintiff's amended complaint fails to sufficiently allege the third element of a breach of contract claim.

In summary, Plaintiff's amended complaint fails to sufficiently allege (1) that Plaintiff and Defendant had an agreement that included the terms of the Handbook, and (2) that Defendant breached an express or implied duty of the Agreement. Therefore, the Court will grant Defendant's motion to dismiss Plaintiff's breach of express contract claim. The Court next turns to Plaintiff's claim for breach of implied contract.

### B. Breach of Implied Contract

In Pennsylvania, a "contract implied in fact is an actual contract which arises where the parties agree upon the obligations to be incurred, but their intention, instead of being expressed in words, is inferred from acts in the light of the surrounding circumstances." Liss & Marion, P.C. v. Recordex Acquisition Corp., 983 A.2d 652, 659 (Pa. 2009) (quoting Elias v. Elias, 237 A.2d 215, 217 (Pa. 1968)). An actual "meeting of the minds" is not necessary, as it is the parties' "outward and objective manifestations of assent, as opposed to their undisclosed and subjective intentions, that matter." Ingrassia Constr. Co., Inc. v. Walsh, 486 A.2d 478, 482-83 (Pa. Super. Ct. 1984).

Plaintiff alleges that an implied contract was created when Defendant "continually expressed his intent to pay back the amount he was overpaid." (Doc. No. 15 ¶¶ 31-32.) Plaintiff claims Defendant breached this contract by failing to repay Plaintiff and by insisting on

"inappropriate conditions" of repayment. (Id. ¶ 33.) In addition, Plaintiff argues that Defendant breached his duty of good faith and fair dealing with regard to this implied contract. (Id. ¶¶ 34-35.)

Defendant contends that Plaintiff fails to allege sufficient facts to plausibly establish that the parties reached an agreement with respect to Defendant's repayment of Plaintiff, as Plaintiff's amended complaint and exhibits do not contain promises to pay Plaintiff a certain amount. (Doc. No. 19 at 15.) Instead, Defendant alleges that Plaintiff's exhibits merely show an attempt by Defendant to resolve the dispute. (Id.)

The Court agrees with Defendant that Plaintiff has not sufficiently alleged the existence of an implied contract between Plaintiff and Defendant. To create an implied contract, the parties must express an intention to contract through their actions. See Liss & Marion, P.C., 983 A.2d at 659. Here, Plaintiff has not alleged any actions on the part of Defendant through which Plaintiff could have inferred an agreement. Plaintiff's exhibits to its amended complaint show that Plaintiff asked Defendant to repay the gross overpayment, whereas Defendant proposed that he repay the net overpayment first, and later repay the difference between the net and gross overpayment.[2] (Doc. Nos. 15 ¶ 16, 15-2 at 38). In addition, Plaintiff's exhibits show that Defendant's offer of repayment was conditioned on Plaintiff's development of a suitable repayment plan, a request which Plaintiff seems to have ignored. (Doc. No. 15-2 at 34, 38.) Therefore, Plaintiff has not sufficiently alleged that it reached an agreement with Defendant regarding repayment, nor has Plaintiff alleged any acts through which Plaintiff could infer such

---

[2] As discussed above, in ruling on a 12(b)(6) motion to dismiss, a court can consider the complaint, "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d at 230 (citing Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

an agreement. The amended complaint and exhibits attached to it instead show that Plaintiff and Defendant attempted to reach an agreement as to repayment, but had not yet concluded their negotiations. Because Plaintiff's amended complaint fails to allege the creation of an implied contract, Plaintiff's claim of a breach of the duty of good faith and fair dealing with regard to an implied contract necessarily fails as well. Accordingly, Plaintiff's breach of implied contract claim will be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Defendant's motion to dismiss Plaintiff's breach of contract claims with prejudice.[3] An order consistent with this memorandum follows.

---

[3] The Court dismisses Plaintiff's breach of contract claims with prejudice, given that the amended complaint represents Plaintiff's second attempt to plead a breach of contract claim against Defendant, and further, given that Plaintiff did not request leave to amend in the event the Court granted Defendant's motion to dismiss. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007) (outside of civil rights cases, district courts need not sua sponte grant leave to amend before dismissing a complaint for failure to state a claim).